IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-69503-PMB |
| | ) | |
| **CATHERINE STARR BARRY,** | ) | CHAPTER 13 |
| Debtor | ) | |
| | ) | |
| | ) | |

**OBJECTION TO CONFIRMATION and MOTION TO DISMISS WITH PREJUDICE**

BROADREACH PROPERTIES, LLC and STEPHEN L. THORNE, its managing Member, Creditor herein, ("**Broadreach**") hereby objects to the confirmation of the Debtor's plan pursuant to §§ 109, 1322, 1324, and 1325, and respectfully show this Court that confirmation of the plan should be denied, and dismissed with prejudice at the hearing scheduled for **November 5, 2020 at 9:45 a.m. in courtroom 1202**[1] and respectfully show as follows:

1.

Debtor filed this Chapter 13 case on August 31, 2020 with a skeletal filing.  This case is at least Debtor's 4th Bankruptcy filing.  Case No. 15-74201-BEM, a Chapter 7 case filed on December 22, 2015, in which Debtor received a standard discharge on April 4, 2016;  Case Number 11-76162-BEM, filed September 6, 2011, was dismissed for failure to make plan payments on April 8, 2014; and Case No. 01-85994, a chapter 13 case filed on September 27, 2001.

2.

On September 7, 2018, Debtor and Broadreach entered into an Owner financed transaction for the purchase of Debtor's residence located at 3782 Brookside Parkway, Decatur, Georgia 30034

---

[1] **Prior to the hearing, parties should check "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website (www.ganb.uscourts.gov) for instructions on whether to apper in person or by phone.**

(hereinafter the "**Property**").  Debtor executed a Promissory Note providing for payments in the amount of $1,487.85 over a 30 year term and a Security Deed providing for non-judicial foreclosure.   True and correct copies of these documents are attached to Broadreach's proof of claim, Claim No. 16.  Prior to the filing of the present Chapter 13 case, Debtor consistently remained 2 to 3 months delinquent with her mortgage payments, incurring on-going late fees and accruing other charges against the Property.  For example, Debtor failed and refused to pay the DeKalb County 2019 property tax assessment, resulting in that payment ultimately being paid by Broadreach to prevent a tax sale of the Property. That payment is included in the claim's arrearage. Due to the on-going delinquencies, Broadreach began foreclosure proceedings, having failed to receive a payment since March 2020, even though Debtor was earning approximately $8,000 per month in income.   The foreclosure was scheduled for a September 2020 sale.

3.

Broadreach filed its claim in this case, Claim No. 16, in the principal amount of $206,390.19 and asserting a significant pre-petion arrearage in the amount of $13,394.16 (the "**Arrearage**").   Debtor and Broadreach agree that the Property is worth approximately $215,000.00.  Accordingly, Debtor has minimal to no equity in the Property.  Debtor's plan, §3.1, provides that she will make direct post-petition monthly payments to Broadreach on the long-term debt secured by her primary residence and that she will cure the $13,394.16 Arrearage by paying $100 a month, increasing to $308.00 in August 2021, without any interest to be paid on the Arrearage.   Pursuant to § 1325(a)(5), (1) Broadreach must be paid its Arrerage claim in full, without modification, requiring the payment of interest at the contract rate of 8.5%; (2) the Property may be surrendered to it; or (3) Broadreach may consent to its treatment. *See, Univ. Am. Mort. Co. v. Bateman (In re Bateman)*, 331 F.3d 821, 829 (11th Cir. 2003).   The proposed plan

provision of zero percent interest on an Arrearage that will not be paid in full until after the 36 month plan is over, is not acceptable treatment for the repayment of a seriously past due Arrearge for the Property that was on foreclsure's doorsteps.  It is, also,  an impermissible modification of a residential mortgage.    Broadreach objects to its treatment under the proposed Chapter 13 plan. *See also,* §§ 1322(b)(2) and 1322(e).  Confirmation should be denied and the case dismissed with prejudice.

4.

The proposed plan does not propose to pay the Arrearage in full, and the Arrearage is, thereby, not being cured, under the proposed plan at the completion of the proposed 36 month proposed plan, even without the payment of interest.  Under § 1322(b)(5), Broadreach is entitled to a complete cure of the arrearage, the prepetition default in payments, within a *reasonable* time.  This is not being provided.  Thus, confirmation of the plan should be denied, and the case dismissed with prejudice.

5.

Section 1325(a) provides nine requirements for plan confirmation, including that both the case and plan were filed in good faith. 11 U.S.C. § 1325(a)(3) and (7).  *See also, In re Zizza*, 500 B.R. 288, 293(1st Cir. BAP 2013).  As noted by the Court in *Wade v. Cunningham (In re Wade)*, 2014 WL 3672137 (Bankr. N.D.Ga. 2014):

> The Eleventh Circuit, in *In re Kitchens,* 702 F.2d 885 (11th Cir.1983), set forth several non-exclusive factors a court should consider when determining if a plan is filed in good faith. One of the factors this Court is to consider is "the motivations of the debtor and h[er] sincerity in seeking relief under the provisions of Chapter 13." *Id*. at 889. "Ultimately, the good faith inquiry requires a court to determine whether a plan ... 'constitutes an abuse of the provisions, purpose, or spirit of Chapter 13.' " *See In re Lopez,* 2011 Bankr.LEXIS 3331, *13 (Bankr.N.D.Ga.2011) (quoting *In re Lundahl,* 307 B.R. 233, 243 (Bankr.D.Utah 2003); *see generally Shell Oil Co. v. Waldron (In re*

3

*Waldron)*, 785 F.2d 936 (11th Cir.1986) (good faith standard requires case be filed with "honest intent and genuine desire to utilize the provisions of Chapter X for its intended purpose—to effectuate a corporate reorganization" and is applicable in Chapter 13). "The purpose and goal of Chapter 13 is 'to enable an individual, under court supervision and protection, to develop and perform under a plan for the repayment of his debts over an extended period.' " *In re Lopez* at * 17 (*quoting In re Smith*, 848 F.2d 813, 816–17 (7th Cir.1988) and citing cases).

*Id.* at *5. (the "**Good Faith Test**").

6.

Broadreach respectfully shows that confirmation should be denied, and the case dismissed with prejudice, because Debtor's Plan fails to meet the Good Faith Test, and the case itself was not filed in Good Faith: (a) Debtor filed a skeletal case to stop a pending foreclosure sale; (b) Debtor filed the chapter 13 case on the day she lost her job and with knowledge that she did not have a regular income with which to fund her chapter 13 case: one of the basic requirements of Chapter 13 is that Debtor has a "regular income" 11 U.S.C. §109(e); (c) at the time the case was filed, Debtor last paid her mortgage to Broadreach in February and she was seriously delinquent with her mortgage payments; (and this was *while she had a regular income in a good paying job!)*; (d) the budget is unreasonable and unrealistic; for example it fails to provide for an escrow for real estate taxes and it fails to show contributions to the household be made by her adult children; (e) Debtor is proposing to retain and fund three vehicles while there is only one adult shown on the Schedule I contributing income; (f) Debtor has failed to disclose any information regarding the past due child support arrearage or her rights to collect child support. Accordingly, confirmation should be denied and the case dismissed with prejudice.

7.

The filed chapter 13 plan does not appear to be feasible in violation of 11 U.S.C. §1325(a)(6). Debtor bears the burden of proof regarding all elements of confirmation, and should

be required to produce proof of regular income in an amount sufficient to pay her on-going monthly mortgage payments, which must be maintained on a current basis (as of the filing of this objection, the September post-petition payment was just received); escrow a monthly amount for real estate taxes, which are not currently part of her budget, and prove the reasonableness of her other expenses along with her Chapter 13 plan payment, which itself needs to be of an amount high enough to cure her Arrearage to Broadreach on a reasonable basis, pay her three car lenders and other creditors along with the costs of the chapter 13 case.

8.

Broadreach supports and incorporates any objections to the confirmation of the Plan, if any, to be filed by the Chapter 13 Trustee as if fully set forth herein in their entirety.

WHEREFORE, Broadreach respectfully requests that confirmation be denied, the Chapter 13 case be dismissed with prejudice and that the Court grant such other and further relief as is just and proper.

> Respectfully submitted,
> STEINFELD & STEINFELD, P.C.
> /s/Shayna M. Steinfeld
> Shayna M. Steinfeld, State Bar No. 622895
> 11B Lenox Pointe, NE, Atlanta, Georgia 30324
> Tel: (404)636-7786, Fax: (404)636-5486
> shayna@steinfeldlaw.com
> Attorneys for Broadreach Properties, LLC and Stephen L. Thorne, its Managing Member

**CERTIFICATE OF SERVICE**

I certify that on June 20, 2019, I electronically filed the foregoing **OBJECTION TO CONFIRMATION and Motion to Dismiss with Prejudice** with the Clerk of Court using the CM/ECF system, which will send notification to all Users who have consented to such service:

Evan Owens Durkovic, Esq. at edurkovic@semradlaw.com
Melissa J. Davey, Chapter 13 Trustee care of her attorney, Taylor Mansell, Esq. tmansell@13trusteeatlanta.com

5

And by first class mail with adequate postage thereon on the Debtor:

Catherine Starr Barry
3782 Brookside Parkway
Dectur, GA 30034

This 5th  day of October, 2020.

        STEINFELD & STEINFELD, PC

         /s/ Shayna M. Steinfeld
        Shayna M. Steinfeld, Georgia Bar No. 622895
        shayna@steinfeldlaw.com
        11B Lenox Pointe, NE, Atlanta, Georgia 30324
        Telephone:  (404) 636-7786
        Attorneys for Broadreach Properties, LLC and Stephen
        L Thorne, its Managing Member