UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 13 |
| CATHERINE STARR BARRY ) | CASE NO.:  20-69503-PMB |
| ) | |
| ) | |
| DEBTOR. ) | |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

Melissa J. Davey, Chapter 13 Trustee, objects to confirmation of the plan and moves to dismiss this case pursuant to 11 U.S.C. Section 1307(c) for the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

3. According to the schedules and/or Debtor's testimony at the 341 Meeting of Creditors, the Debtor has no regular source of income and does not appear to be eligible for Chapter 13 relief. 11 U.S.C. Section 109(e).

4. The Chapter 13 budget fails to provide for post-petition real estate tax liability, and Debtor has failed to establish and provide proof of a tax escrow account, indicating that the Plan may not be feasible. 11 U.S.C. Section 1325(a)(6).

5. The Debtor has failed to provide the Trustee with a copy of the federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i). As the Debtor has failed to submit the last filed tax return to the Trustee prior to the meeting of creditors, the Trustee requires a sworn statement by the Debtor, in addition to the tax return, that the tax return provided is a true copy of the most recent tax return filed.

6. The Trustee requests proof that Debtor has paid the post-petition mortgage payments for Debtor's residence in order to determine whether the Plan complies with 11 U.S.C. Section 1325(a)(6).

7. The Chapter 13 petition and schedules fail to disclose Debtor's interest in a 2017 Polaris Slingshot SL and back Child Support owed to the Debtor in violation of 11 U.S.C. Section 521.

8. The Chapter 13 Plan appears to be infeasible because the budget in the Schedules fails to include an expense for homeowner's insurance. 11 U.S.C. Section 1325(a)(6).

9. Debtor's Schedules I and/or J fail to accurately reflect that Debtor is no longer working and has not yet received unemployment, preventing the Chapter 13 Trustee from determining whether the Plan complies with 11 U.S.C. Sections 1325 (a)(3), (a)(6), and/or 1325(b)(1)(B).

10. The Chapter 13 Plan fails to provide treatment of the filed secured claim of Performance Finance and the second filed secured claim of Associated Credit Union in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

11. The Debtor has failed to provide sufficient pay advice information for the Trustee to determine whether the Debtor's plan provides for the appropriate applicable commitment period. 11 U.S.C. Sections 521(a)(1)(B)(iv), 1325(a)(3), and 1325(b)(4).

12. Debtor has failed to file a Certificate of Manner of Service showing proper service pursuant to Federal Rules of Bankruptcy Procedure 2002, 3015, and 7004 in violation of NDGA Bankruptcy Court General Order 21-2017.

13. The Chapter 13 Trustee requests that Debtor provide proof of adequate hazard insurance on Debtor's residence in order to determine whether the Chapter 13 Plan complies with 11 U.S.C. Sections 1325(a)(3), (a)(4), (a)(6) and/or (b)(1)(B).

Wherefore, the Trustee moves this Honorable Court to consider the above objections at the confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case pursuant to 11 U.S.C. Section 1307(c), and for such other and further relief that this Court deems just and proper.

Dated:  October 09, 2020

/s/Taylor S. Mansell
Taylor S. Mansell
Attorney for the Chapter 13 Trustee
GA Bar No. 940461
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:     (678) 510-1444
Facsimile:      (678) 510-1450
mail@13trusteeatlanta.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 13 |
| CATHERINE STARR BARRY ) | CASE NO.:  20-69503-PMB |
| ) | |
| ) | |
| DEBTOR. ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection to Confirmation & Motion to Dismiss using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Melissa J. Davey     cdsummary@13trusteeatlanta.com, cdbackup@13trusteeatlanta.com
Evan Owens Durkovic     edurkovic@semradlaw.com, ganb.courtview@SLFCourtview.com
Albert F. Nasuti     obalashova@tokn.com, ifisher@tokn.com
Philip L. Rubin     prubin@lrglaw.com, LPorter@lrglaw.com
Shayna M. Steinfeld     shayna@steinfeldlaw.com
David C. Whitridge     DWhitridge@tokn.com

I further certify that on this day I caused a copy of this document to be served via United States First Class Mail on the following parties at the address shown for each:

DEBTOR(S):
CATHERINE STARR BARRY
3782 BROOKSIDE PKWY
DECATUR, GA  30034

Dated: October 09, 2020

/s/Taylor S. Mansell
Taylor S. Mansell
Attorney for the Chapter 13 Trustee
GA Bar No. 940461
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:     (678) 510-1444
Facsimile:     (678) 510-1450
mail@13trusteeatlanta.com